Exhibit A to Joint Status Report

On December 15, 2016, CSXT served discovery requests on Plaintiffs seeking information regarding purported class members. As it was early in the litigation, Plaintiffs responded that they would supplement with the requested information. (Attached as Exhibit B.) On December 21, 2017, after allowing Plaintiffs time to obtain the requested information, counsel for CSXT sent a good faith letter to Plaintiffs requesting supplementation within ten days. (Attached as Exhibit C.) Plaintiffs' counsel requested an additional fifteen days to respond. Subsequently, Plaintiffs' counsel and counsel for CSXT conferred twice via phone, most recently on February 2, 2018. Thereafter, Plaintiffs responded in writing to CSXT's good faith letter on February 8, 2018. (Attached as Exhibit D.) Essentially, Plaintiffs object to providing information regarding purported class members, at least at this juncture of litigation. However, CSXT contends it is entitled to the requested information. After being unable to reach an agreement without Court intervention, the parties requested a conference with the Court.

In addition, Plaintiffs have requested that the parties agree to a change to the current Amended Scheduling Order. On October 26, 2016, the Court denied Defendant's Rule 12(c) motion claiming that Plaintiffs' claims are preempted under the Interstate Commerce Commission Termination Act, pending further factual discovery. Plaintiffs suggest that, as a matter of judicial economy, the parties agree on a briefing schedule on the preemption issue since it may be dispositive of the case. Therefore, Plaintiffs suggest that the Scheduling Order be modified to requiring Defendant to file any dispositive motion related to preemption by March 27, 2018, and that Plaintiffs respond by April 10, 2018. All other deadlines would remain in place. Defendant is not amenable to this proposal as presented, but is happy to discuss the issue further with opposing counsel and the Court.